**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Timothy J. Heinz | ) | CASE NO:  5:21CV2263 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| ERADAL, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Timothy J. Heinz filed this action against ERADAL, Inc. and Attorney Peter Kratcoski, concerning Plaintiff's purported interest in property that was the subject of foreclosure proceedings. For the following reasons, this action is dismissed.

**I. Background**

Plaintiff filed a complaint for declaratory judgement (Doc. No. 1) and a memorandum in support (Doc. No. 4). Plaintiff's complaint contains conclusory allegations and few facts. The complaint, however, appears to be challenging a state court's determination of the parties' interest in property located in Ravenna, Ohio. Plaintiff alleges that he has two liens on the Ravenna property, and these liens "represent sweat and toil interest in paying a mortgage and/or making lasting improvements" on the

property that Plaintiff previously occupied. (*See* Doc. No. 1 at 3) This property was ultimately the subject of foreclosure proceedings. (*Id.* at 1)

Plaintiff cites to two federal statutes-- 42 U.S.C. § 1983 and 42 U.S.C. § 1985—as well as the Uniform Commercial Code. He claims that he has not been "justly compensated" by ERADAL, Inc. for his liens that were recorded with the Secretary of State and "made known to Attorney Kratcoski" in open court. (*Id.* at 5) Plaintiff alleges that Attorney Kratcoski "wrongly usurped [Plaintiff's] recorded liens." (*Id.*)

Plaintiff filed a notice of default (Doc. No. 5), a memorandum in support of notice of default (Doc. No. 6), and a motion for default judgment (Doc. No. 7).

## II. Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). The Court is not required, however, to conjure unpleaded facts or construct claims on a *pro se* plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Federal courts are courts of limited jurisdiction and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ.

P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367).

### III. Law and Analysis

### A. No Federal Jurisdiction

Federal courts, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Here, the complaint suggests that the plaintiff is a citizen of Ohio and Defendant ERADAL, Inc. is an Ohio corporation. The complaint also lists an Ohio address for Defendant Kratcoski. (*See* Doc. No. 4 at 6) Plaintiff has therefore failed to establish diversity of citizenship. Accordingly, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what a plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly

federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and therefore enjoys the benefit of a liberal construction of his pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. But even with the Court's liberal construction, Plaintiff failed to properly identify a federal question in this case.

Plaintiff appears to invoke the Court's authority to hear this matter under 42 U.S.C. § 1983. (*See* Doc. No. 1 at 3) Plaintiff states that a violation of his "civil rights … may have occurred when [the defendants] filed their Limited Warranty Deed" and therefore affected Plaintiff's "lawful title." (*See* Doc. No. 1 at 3) To the extent Plaintiff alleges that Defendants violated their civil rights under 42 U.S.C. § 1983 when they filed their Limited Warranty Deed, Plaintiff's argument is unavailing.

To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). To be considered to have acted "under color of state law" for purposes of § 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An

individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

Here, the defendants are private parties, not a government official or entity. And Plaintiff fails to allege any facts demonstrating that defendants were acting on behalf of, or obtaining significant aid from, the state such that their conduct was considered state action. Nor does Plaintiff allege any facts suggesting that the defendants exercised a power that is reserved exclusively for the State of Ohio. There is therefore no federal cause of action based on 42 U.S.C. § 1983.

Plaintiff also appears to invoke the Court's jurisdiction under 42 U.S.C. § 1985. The Court generously construes the allegations as a conspiracy claim under § 1985. To state a conspiracy claim under § 1985, the plaintiff must demonstrate that the conspiracy was developed with the purpose of depriving, directly or indirectly, a person or class of persons of equal protection of the laws. *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir.2003). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir.1992)). Plaintiff's complaint fails to allege any facts suggesting the defendants acted in concert to discriminate against him based on a protected class. Moreover, under § 1985, a corporation cannot conspire with its own agents or employees. *See Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994). Plaintiff therefore cannot establish under 42 U.S.C. § 1985 that ERADAL, Inc. conspired with its attorney, Peter Kratcoski, to deprive Plaintiff of his purported property interest.

6

This case is essentially a property dispute and a challenge to the result of a prior state court action. Accordingly, there is no indication in the complaint that this Court has subject matter jurisdiction to entertain this case. On that basis alone, dismissal is required.

## B. Rooker-Feldman Doctrine

It appears that Plaintiff claims he had an interest in the Ravenna property before foreclosure proceedings. To the extent Plaintiff's complaint constitutes an appeal of a foreclosure judgment entered in State court in the hopes of obtaining a reversal of that judgment, this Court lacks subject matter jurisdiction to consider this claim pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)), amended on other grounds 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to consider Plaintiff's complaint to the extent that Plaintiff is seeking to be relieved of the consequences of the state proceedings.

7

**C. Res Judicata**

Finally, to the extent Plaintiff is seeking to litigate the prior foreclosure action again in a different court in the hopes of achieving a different result, he is barred from doing so. Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 2008 Ohio 6254, 899 N.E.2d 975 (2008). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.* By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.* Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3)

when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994).

Here, it appears that Plaintiff is challenging the validity of the state court's determination of Plaintiff's interest in the property that was the subject of a foreclosure proceeding. The issue of Plaintiff's purported liens on the Ravenna property would have already been considered and decided by the state court. And Even if the cause of action in this action is new, the facts necessary to support this claim were previously determined by the state court. This Court must give full faith and credit to that state court judgment. Plaintiff is therefore barred from relitigating those matters in this Court.

### IV. Conclusion

For the foregoing reasons, this action is dismissed. Plaintiff's Motion for Default Judgment (Doc. No. 7) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

March 21, 2022                                              */s/ John R. Adams*_____
                                                              JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT COURT